# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                                  §
                                        §
MICHAEL J LONG                          §   Case No. 13-45625
                                        §
                  Debtor                §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 11/25/2013. The undersigned trustee was appointed on 04/17/2014.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of         $    18,766.70

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 0.00 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]      $ | 18,766.70 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 05/12/2014 and the deadline for filing governmental claims was 05/27/2014. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 2,626.67. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,313.33, for a total compensation of $ 1,313.33 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00, and now requests reimbursement for expenses of $ 3.00, for total expenses of $ 3.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/04/2017          By: /s/BRENDA PORTER HELMS, TRUSTEE
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-45625 | JSB | Judge: | Janet S. Baer | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|---|---|---|
| Case Name: | MICHAEL J LONG | | | | Date Filed (f) or Converted (c): | 11/25/2013 (f) |
| | | | | | 341(a) Meeting Date: | 01/10/2014 |
| For Period Ending: | 09/04/2017 | | | | Claims Bar Date: | 05/12/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Currency and coins | 200.00 | 0.00 | | 0.00 | FA |
| 2. Bridgeview Bank checking account ending in 6301 | 900.00 | 0.00 | | 0.00 | FA |
| 3. Amalgamated Bank checking account ending in 3799 | 300.00 | 0.00 | | 0.00 | FA |
| 4. Ordinary clothing for one | 1,000.00 | 0.00 | | 0.00 | FA |
| 5. Phoenix Life Insurance Company ending in 265. 1000.000 death benefit - daughter is beneficiary | 4,670.00 | 0.00 | | 0.00 | FA |
| 6. Union annuity through Prudential after ex-wife's QDRO | 154,000.00 | 0.00 | | 0.00 | FA |
| 7. Union Pension plan (defined benefit plan) | Unknown | N/A | | 0.00 | FA |
| 8. Debtor is part beneficiary of Robert and Elaine Long Trust  The trust is a revocable, spendthrift trust. Debtor has no immediate right to receive any funds from the trust | 0.00 | 0.00 | | 0.00 | FA |
| 9. 2011 Buick Enclave titled in Debtor name  Vehicle equitably owned by Deborah Postma - she makes all payments, and traded her car in for it. However, she lacked credit so debtor used his credit to buy the car. KBB value is 19,500.00 | 0.00 | 0.00 | | 0.00 | FA |
| 10. 2004 Buick Century (over 100,000 miles)  Trustee determined asset of no value to Estate | 2,704.00 | 2,704.00 | | 0.00 | FA |
| 11. 1992 Toyota Camry (over 220,000 miles)  (daughter's car) car is inoperable and will cost $600 to have it repaired | 0.00 | 0.00 | | 0.00 | FA |
| 12. 1996 Dodge Intrepid  Trustee determined asset of no value to Estate | 1,200.00 | 1,200.00 | | 0.00 | FA |
| 13. 1970 GTO in pieces, inoperable  Trustee determined asset of no value to Estate | 6,000.00 | 1,000.00 | | 0.00 | FA |

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-45625 | JSB | Judge: | Janet S. Baer | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | MICHAEL J LONG | | | | Date Filed (f) or Converted (c): | 11/25/2013 (f) |
| | | | | | 341(a) Meeting Date: | 01/10/2014 |
| For Period Ending: | 09/04/2017 | | | | Claims Bar Date: | 05/12/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 14. Interest in American Funds account (u)<br><br>In the name of ex-spouse Lora Castello-Long< No. 66757303 pursuant to QDRO ordered in divorce<br>Trustee settled with Debtor and pursuant to this Court's order dated 2/20/15 [dkt 63] such that Estate will receive 40% of value of account | 30,000.00 | Unknown | | 18,766.70 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $200,974.00 | $4,904.00 | | $18,766.70 | $0.00 |
| --- | --- | --- | --- | --- | --- |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Prior Trustee notes: Withdrew no asset report.  Filed Motion to Extend 727, Motion to Employ Innovalaw, and Motion for Rule 2004 Exam.  All hearings set for 2/28/14.
Obtaining turnover of funds from insurance company
Successor Trustee notes 9/30/15: Filed a motion for turnover of proceeds of insurance policy in August 2014.  Thereafter, in September 2014, Debtor filed amended exemptions claiming the proceeds exempt.  Filed objection to the exemption in October 2014.  Trustee and Debtor settled for turnover of the insurance proceeds and objection to exemption per orders in February and March 2015.  Trustee is awaiting turnover of the insurance proceeds per order.

9/30/16:  Trustee preparing motion to abandon funds.

3/2/17: Trustee is continuing to pursue recovery of the proceeds from a life insurance policy.

Initial Projected Date of Final Report (TFR): 12/31/2015        Current Projected Date of Final Report (TFR): 12/30/2016

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 13-45625  
Case Name: MICHAEL J LONG  
Taxpayer ID No: XX-XXX1034  
For Period Ending: 09/04/2017  

Trustee Name: BRENDA PORTER HELMS, TRUSTEE  
Bank Name: Associated Bank  
Account Number/CD#: XXXXXX3862  
Checking  
Blanket Bond (per case limit): $5,000,000.00  
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/07/17 | 14 | Matthew Long | Settlement per order 2/20/15 [dkt 63] | 1229-000 | $18,766.70 | | $18,766.70 |

| | | |
|---|---|---|
| COLUMN TOTALS | $18,766.70 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $18,766.70 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $18,766.70 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                    Page Subtotals:        $18,766.70        $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX3862 - Checking | $18,766.70 | $0.00 | $18,766.70 |
|  | $18,766.70 | $0.00 | $18,766.70 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $18,766.70 |
| Total Gross Receipts: | $18,766.70 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:13-45625-JSB  
Debtor Name: MICHAEL J LONG  
Claims Bar Date: 5/12/2014  
Date: September 4, 2017

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | SUCCESSOR TRUSTEE BRENDA HELMS<br>Brenda Porter Helms<br>Successor Trustee | Administrative | Portion of trustee compensation for successor trustee | $0.00 | $1,313.33 | $1,313.33 |
| 100 2100 | TRUSTEE DAVID GROCHOCINSKI<br>David Grochocinski, Trustee | Administrative | Portion of trustee compensation for prior trustee | $0.00 | $1,313.34 | $1,313.34 |
| 100 2200 | SUCCESSOR TRUSTEE BRENDA HELMS<br>Brenda Porter Helms<br>Successor Trustee | Administrative | Successor Trustee expenses | $0.00 | $3.00 | $3.00 |
| 100 3210 | Davis & Greene | Administrative | Trustee's attorneys fees awarded per order 4/24/15 [dkt 70] | $0.00 | $8,021.50 | $8,021.50 |
| 100 3210 | INNOVALAW PC<br>1900 Ravinia Palce<br>Orland Park, IL 60462 | Administrative | Prior trustee's attorneys fees awarded per order 8/8/14 [dkt 46] | $0.00 | $1,385.00 | $1,385.00 |
| 100 3220 | INNOVALAW PC<br>1900 Ravinia Palce<br>Orland Park, IL 60462 | Administrative | Prior trustee's attorneys' expenses awarded per order 8/8/14 [dkt 46] | $0.00 | $6.08 | $6.08 |
| 1 300 7100 | Law Offices of Robert G. Black<br>c/o Ms. Gina B. Krol<br>105 W. Madison St., Ste. 1100<br>Chicago, IL 60602 | Unsecured | | $23,379.12 | $21,955.50 | $21,955.50 |
| 2 350 7200 | Mirabella Kincaid Frederick et al.<br>1737 S Naperville Road<br>Suite 100<br>Wheaton, IL 60189 | Unsecured | | $44,822.74 | $43,822.74 | $43,822.74 |
| | Case Totals | | | $68,201.86 | $77,820.49 | $77,820.49 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-45625
Case Name: MICHAEL J LONG
Trustee Name: BRENDA PORTER HELMS, TRUSTEE

Balance on hand $ 18,766.70

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: SUCCESSOR TRUSTEE BRENDA HELMS | $ 1,313.33 | $ 0.00 | $ 1,313.33 |
| Trustee Expenses: SUCCESSOR TRUSTEE BRENDA HELMS | $ 3.00 | $ 0.00 | $ 3.00 |
| Attorney for Trustee Fees: Davis & Greene | $ 8,021.50 | $ 0.00 | $ 8,021.50 |
| Other: INNOVALAW PC | $ 1,385.00 | $ 0.00 | $ 1,385.00 |
| Other: INNOVALAW PC | $ 6.08 | $ 0.00 | $ 6.08 |
| Other: TRUSTEE DAVID GROCHOCINSKI | $ 1,313.34 | $ 0.00 | $ 1,313.34 |

Total to be paid for chapter 7 administrative expenses   $ 12,042.25
Remaining Balance                                        $ 6,724.45

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 21,955.50 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 30.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Law Offices of Robert G. Black | $ 21,955.50 | $ 0.00 | $ 6,724.45 |
| | Total to be paid to timely general unsecured creditors | | | $ 6,724.45 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 43,822.74 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Mirabella Kincaid Frederick et al. | $ 43,822.74 | $ 0.00 | $ 0.00 |
| | Total to be paid to tardy general unsecured creditors | | | $ 0.00 |

    Remaining Balance                                                                           $_____0.00

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE